**Alfred DOSCHERHOLMEN, M.D., Plaintiff,**

v.

**Harry N. WALTERS, Administrator, V.A., et al., Defendant.**

Civ. No. 3–83–341.

United States District Court, D. Minnesota, Third Division.

Jan. 10, 1984.

Morry N. Rothstein, Rothstein, Wolf, Kaplan & Goff, St. Paul, Minn., Judith M. Wolf, Roback & Wolf, Minneapolis, Minn., for plaintiff.

James M. Rosenbaum, U.S. Atty., Robert M. Small, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, District Judge.

This age discrimination in employment action by a now 68 year old, long-time V.A. medical doctor at the Minneapolis V.A. Medical Hospital against his superiors was competently tried to the court over a four day period starting January 3, 1984. Thirteen witnesses testified. Numerous exhibits were received.

It was plaintiff's contention that he was discriminated against on account of his age when Dr. Robert Petzel, Chief of Staff of the facility, ordered him transferred in May 1982 from duty in the Intermediate Care Ward, 3–D, where he had been for some ten years, to examination and pension evaluation work in the outpatient clinic. Plaintiff viewed the proposed transfer as a professional demotion although his compensation and opportunity for teaching and research were to remain the same. He felt he was being "put out to pasture" and refused to report for duty at the outpatient clinic. He was counselled, warned, and eventually discharged. A three-person Disciplinary Board, following a hearing on December 14 and 15, 1982, upheld the discharge.

Whether wise or no, it appears that it was well within Dr. Petzel's authority to transfer plaintiff, and we are concerned here only with the issue of age discrimination. Direct evidence of that was not persuasive. Plaintiff said that Dr. Petzel, in conversations in his office on January 19 and February 1, 1982 asked plaintiff his age and how long he had worked at the V.A. Hospital, and that there was discussion about the amount of retirement compensation plaintiff would receive if he then retired. Standing alone, this does not make a showing of age discrimination, but, at all events, Dr. Petzel's version of the conversations negatives any inference of discrimination. Dr. Petzel said he counselled plaintiff against retirement, when plaintiff suggested it as an alternative to transferring to the outpatient clinic, because continued service by plaintiff for even a short period would qualify plaintiff for a bonus resulting in substantially more retirement compensation. Additionally, Dr. Petzel denied stating that he was looking for a younger man, as plaintiff alleged.

Circumstantial evidence of age discrimination was not impressive. A younger doctor, in his 30's, was later, in April 1983, temporarily hired to work in what was formerly Intermediate Care Ward 3–D, but there was no showing that his employment was related to the claimed improper transfer of plaintiff. The claim that Ward 3–D was restructured into a Geriatrics Unit (GRECC) to afford a facade for transferring plaintiff into the outpatient clinic was not substantiated.

All in all, plaintiff has not shown discriminatory action or motive. Even if plaintiff has made a prima facie showing of age discrimination, which this court believes he has not done, defendant has articulated a legitimate nondiscriminatory reason for the transfer: to fill the sudden and unexpected vacancy at the outpatient clinic with a competent staff internist. In selecting plaintiff, Dr. Petzel's decision was in keeping with the judgment of Dr. George Sarosi, former Chief of Medical Service and plaintiff's superior, that plaintiff was less valuable to Ward 3–D than was the other staff physician, Dr. Juan Fried. There was no bad blood or previous unpleasantries between the parties. Dr. Petzel made a permissible managerial decision. Plaintiff has not proved that his age was a determining factor in that decision.

The Clerk is directed to enter judgment for defendants.